TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Steve Zieder*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Zieder, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Account Discovery Systems, LLC, a New York company, | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, STEVE ZIEDER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Sun City, Maricopa County, Arizona.

3. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

4. The Defendant to this lawsuit is Account Discovery Systems, LLC which is a New York company and maintains its registered agent in the City of Phoenix, Maricopa County, Arizona.

## GENERAL ALLEGATIONS

5. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff.

6. On or about July 20, 2015, at 10:38 a.m., Defendant sent Mr. Zieder a text message stating, "Please call me." Defendant did not state its company name or that the communication was from a debt collector, in violation of the FDCPA. In response, Mr. Zieder sent Defendant a text message back stating, "Who is this?"

7. Shortly after receiving this text message, Mr. Zieder called Defendant at 12:02 p.m. that same day. During the conversation, Mr. Zieder asked the Defendant's representative to cease communicating him. Defendant's representative told him that he would continue to call and text him.

8. Later that same day on July 20, 2015, Defendant sent Mr. Zieder another text message at 1:25 p.m., which stated, "Hello STEVEN ZIEDER, Please call for additional information. Thank you." Nowhere in this second text message did Defendant identify its company name or the fact that it was a debt collector, in violation of the FDCPA.

## COUNT I- VIOLATION OF

## THE FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates the preceding allegations by reference

10. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

11. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

12. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

13. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt by not disclosing its company name in the text messages it sent to Mr. Zieder.

   b. 15 U.S.C. §1692e(11) by failing to disclose in every communication that the communication is from a debt collector.

   c. 15 U.S.C. §1692g(a)(1) by failing to send a letter to Mr. Zieder within the first five days after the initial communication with the amount of the debt.

   d. 15 U.S.C. §1692g(a)(2) by failing to send a letter to Mr. Zieder within the first five days after the initial communication with the name of the creditor to whom the debt is owed.

   e. 15 U.S.C. §1692g(a)(3) by failing to send a letter to Mr. Zieder within the first five days after the initial communication with a statement stating, "Unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

    f. 15 U.S.C. §1692g(a)(4) by failing to send a letter to Mr. Zieder within the first five days after the initial communication with a statement stating, "If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment would be mailed to the consumer by the debt collector."

    g. 15 U.S.C. §1692g(a)(5) by failing to send a letter to Mr. Zieder within the first five days after the initial communication with a statement stating, "Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the Defendant:

a. Actual damages;

b. Statutory damages; and

c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: August 12, 2015        KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Steve Zieder